HARVEY M. MORGAN V. THE STATE.

No. 21114. Delivered May 8, 1940.

Appeal from Criminal District Court of Nueces County, Hon. Geo. C. Westervelt, Judge.

Appeal from conviction for murder; penalty, confinement in penitentiary for forty years.

The opinion states the case.

*Fred H. Woodward,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Harvey M. Morgan was convicted in the District Court of Nueces County on a charge of murder upon which the jury assessed the penalty of forty years.

On the 18th day of June, 1939, at about 2 o'clock on Sunday morning appellant was in the Causeway Gem at Corpus Christi dancing with a young lady. The dance music was furnished by a mechanical machine operated by depositing a nickel for each piece of music played. He furnished the young lady a nickel which she deposited and then refused to dance with him further. They had been dancing for some time and she claimed that she was too tired to dance longer, while, according to his story, she went to dance with another man. He protested to the proprietor of the place whose name was C. G. Squires.

Several witnesses were present who testified on the trial of the case and who heard, more or less, the things that were said. Appellant claimed that he demanded of Squires the repayment to him of the nickel which he had deposited, and that Squires cursed him and made a motion as if going to attack him. He hit Squires with his fist and knocked him to the floor. According to the testimony of the witnesses he then kicked his head and stomped him with his heels. The witnesses, including a doctor, testified to the injuries which produced immediate death. The lower front teeth had been knocked out; the left cheek bone broken, and the left eye lacerated so that it could hardly be discerned. Around it were several small lacerations. Blood was "oozing" from the nose and the left ear. The left jaw was broken.

The jury declined to take the testimony of appellant as to his self defense theory and accepted that of the State's witnesses. It amply supported the verdict of the jury.

There is but one bill of exception in the case which complains of the court admitting in evidence for the purpose of considering the creditability of the appellant as a witness by proving on cross examination that he had been convicted for a felony in Hill County and charged with theft in Brown County. For such purpose, as limited by the court in admitting the same, this evidence was admissible. Branch's Penal Code, 167, and the authorities there cited. This bill is not sustained.

We have carefully examined the record and find that the procedure by which appellant was indicted, arraigned and tried is regular. No question is brought to this Court for review which indicates error and we find no fundamental error in the case.

The judgment of the trial court is affirmed.